UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| MAURICE ALLEN MCCLUNG, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 1:10 CV 218 |
|  | ) |  |
| MARK STEFANATOS, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION AND ORDER

Maurice McClung, a prisoner confined at the Miami Correctional Facility, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging that several members of the Marion Police Department violated his Fourth Amendment rights because he was not brought immediately before a judge or magistrate after his arrest, and because there was a lack of probable cause for a subsequent search for DNA evidence and fingerprints.

Pursuant to 28 U.S.C. § 1915A(a), the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

"Dismissal is appropriate only when it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." *Id.*

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

According to McClung's complaint and its attachments, on August 18, 2008, Judge Mark E. Spitzer of the Grant Circuit Court found

> that probable cause does exist for the arrest of MAURICE A. MCCLUNG JR. For the crime(s) of: ATTEMPTED MURDER, CLASS A FELONY; AND ARMED ROBBERY RESULTING IN SERIOUS BODILY INJURY, CLASS A FELONY. A warrant is ordered for the Arrest of MARURICE A. MCLUNG JR., and a bond is set at $No bond.

(DE #1 at 23.) A bench warrant was issued pursuant to this order (DE #1 at 19), and Officers of the Marion Police Department arrested McClung on August 19, 2008. (DE #9.) McClung states in an attachment to his complaint that "[h]e was not given an initial hearing until August 20, 2008. (DE #1-1 at 12.) On August 27, 2008, the Marion Superior Court held a hearing on the question of whether there was probable cause for a search

warrant for DNA and fingerprints, and found "that probable cause does exist for the issuance of each of the search warrants, uh, as requested for, uh, subjects Maurice McClung, Allen Horton, Ralph Jones an' Joie Bolden." (DE #1 at 32.)

In the body of his complaint, McClung simply states after each defendant's name: "probable cause determination Gerstein v. Pugh[,] Coleman v. Frantz[,] State v. Tucker." (DE #1 at 2.) In *Gerstein v. Pugh*, 420 U.S. 103 (1975), the Supreme Court held that:

> The Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest. Accordingly, the Florida procedures challenged here whereby a person arrested or subjected to other restraints pending trial without any opportunity for a probable cause determination are unconstitutional.

*Id.* at 103. In *Coleman v. Frantz*, 754 F.2d 719 (7th Cir. 1985) the Seventh Circuit held that an arrestee's "eighteen-day detention without an appearance before a judge or magistrate was a deprivation of liberty without due process of law." (*Id.* at 723.) In an attachment to his complaint, McClung states "Mr. Maurice McClung was held too long, whether under Gerstein or under Coleman vs. Frantz. After all[,] I think it is undisputed that Mr. McClung was arrested on August 19, 2008[,] but did not receive an arraignment until August 20, 2008." (DE #1 at 13.)

*Gerstein v. Pugh* held that a judicial determination of probable cause is a Constitutionally required prerequisite to an extended restraint of liberty following arrest, without defining the term "extended." In *Coleman*, the Seventh Circuit concluded that eighteen days constituted an "extended restraint of liberty." Being arraigned the day after an arrest, however, does not constitute an "extended restraint of liberty," and

3

does not violate the Fourth Amendment. As a general rule, "persons arrested without a warrant must receive a judicial determination of probable cause within 48 hours." *Lopez v. City of Chicago*, 464 F.3d 711, 719 (7th Cir. 2006), citing *County of Riverside v. McLaughlin,* 500 U.S. 44, (1991) (states have up to forty-eight hours after arrest within which conduct a probable cause hearing at arraignment). That McClung was arrested on August 19, 2008, and arraigned the next day, states no Fourth Amendment claim under *Gerstein v. Pugh* or *Coleman vs. Frantz*.

*State v. Tucker*, 588 N.E.2d 579 (Ind. 1983), the third case cited by the plaintiff in his complaint, deals with search warrants. In *Tucker*, a criminal defendant moved to suppress evidence found during a search of his car in the absence of a warrant. The trial court granted the motion to suppress, and the Court of Appeals of Indiana affirmed the exclusion of the evidence holding that "(1) shoes found in defendant's automobile were not seized under the plain view doctrine where the officers went to the automobile for the express purpose of looking for tennis shoes and other evidence of the crime, and (2) shoes were not seized as a result of valid inventory search." *Id.* at 579.

After McClung's arrest, the police sought a search warrant for DNA and fingerprints in regard to McClung and others. The Grant Superior Court conducted a probable cause hearing on August 27, 2008, (DE #1 at 25-33), and found "that probable cause exists for the search warrants." (DE #1 at 32.)

McClung asks the court to "dismiss the charge that has come to the plaintiff," and to award him damages in the amount of $300,000. (DE #1 at 3.) Neither of these

remedies are available to him based on his Fourth Amendment claim that evidence used against him at trial was improperly obtained.

McClung was convicted of the criminal charges brought against him and is currently serving a sentence on that conviction. The Supreme Court has considered the relationship between 42 U.S.C. §1983 and 28 U.S.C. §2254, and concluded: "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of §1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)). Moreover, a civil rights action pursuant to § 1983 and a habeas corpus petition pursuant to § 2254 may not be brought in the same action, and the Seventh Circuit has admonished district courts not to convert civil rights complaints into habeas corpus petitions. *Copus v. Edgerton*, 96 F.3d 1038 (7th Cir. 1996). To the extent McClung wishes to challenge the fact of his confinement and seek to be released because evidence used at trial may have been improperly obtained, he must bring that claim in a petition for writ of habeas corpus. Accordingly, the court will dismiss the portion of the complaint asking the court to "dismiss the charge that has come to the plaintiff" without prejudice to McClung's right to resubmit his request for release from custody in a habeas corpus petition.

Even assuming that McClung has a valid damage claim based on the search conducted for DNA and fingerprints resulted in his being convicted, his damage claim is premature. This is because if the remedy sought under § 1983 would require a finding or judgment that would render a conviction or sentence invalid, the § 1983 plaintiff

5

must first "prove that the conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87 (1994). To conclude that McClung is entitled to damages because items obtained in an illegal search were improperly allowed into evidence at his trial would require a finding or judgment that his conviction is invalid. Thus, having his conviction set aside is a prerequisite for McClung to bring this damage claim in a § 1983 action. The court will dismiss this claim without prejudice to McClung's right to refile it if he is able to have his conviction set aside.

For the foregoing reasons, the court **DISMISSES** this complaint pursuant to 28 U.S.C. § 1915A(b). The dismissal of the plaintiff's request that the court "dismiss the charge that has come to the plaintiff" is dismissed without prejudice to his right to file a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, challenging his conviction. His damage claim for being convicted based on evidence that was gathered in violation of the Fourth Amendment is dismissed without prejudice to his right to refile that claim if he succeeds in having his conviction overturned.

**SO ORDERED.**

Date: July 14, 2010

s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT